Alex B. Hernandez, III
Federal Defenders of Eastern Washington and Idaho
306 East Chestnut Avenue
Yakima, Washington 98901
(509) 248-8920

Attorneys for the Defendant
Robert Ray Root

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
The Honorable Stanley A. Bastian

| | |
|---|---|
| United States of America,<br><br>          Plaintiff,<br><br>     v.<br><br>Robert Ray Root,<br><br>          Defendant. | No. 1:22-CR-02018-SAB<br><br>Objections to Presentence Investigation Report and Objections to Suggested Special Conditions of Supervision |

Robert Ray Root, through his attorney, Alex B. Hernandez, III, of the Federal Defenders of Eastern Washington and Idaho, submits these objections to the Presentence Investigation Report ("PSIR") and special conditions of supervision. [ECF No. 61].

**Objections to PSIR.**

**1. Page 7, ¶38 – Specific Offense Characteristic**: Mr. Root objects to the 5-level enhancement under USSG § 2G2.2(b)(5) for engaging in a pattern of activity involving sexual abuse or exploitation of a minor. This enhancement is being applied for conduct involving two minors that is not relevant to the offense of conviction and that occurred over thirty years ago. *Id.* at pgs. 8-11. Imposition of this enhancement is based on Application Note 1, which defines "pattern of activity" to include "any combination of two

Objection to Presentence Investigation Report and

Objections to Suggested Special Conditions of Supervision - 1

or more separate instances of the sexual abuse or exploitation of a minor by the defendant, whether or not the abuse or exploitation (A) occurred during the course of the offense; (B) involved the same minor; or (C) resulted in a conviction for such conduct." USSG § 2G2.2, application note 1.  Based on *Kisor v. Wilke*, 139 S. Ct. 2400 (2019) and *United States v. Castillo*, 69 F.4th 648 (2023), Mr. Root asserts that enhancing his sentence by an additional 5-levels based on Application Note 1 is improper.

In *Kisor*, the Supreme Court ruled that deference should be given only to an agency's rules when the regulation is genuinely ambiguous.  *Kisor v. Wilke*, 139 S. Ct. at 2414, 2418.  In determining whether a regulation is genuinely ambiguous a court must exhaust "all the traditional tools of construction" and consider "the text, structure, history, and purpose of a regulation, in all the ways it would if it had no agency to fall back" before to deferring to agency's interpretation of the regulation.  *Id.* at 2414-2416.

In *Castillo*, the Ninth Circuit recognized *Kisor* applied to sentencing guidelines and determined that Application Note 1 of USSG § 4B1.2(b), which included conspiracies as a controlled substance offense, merited no deference because the guideline, § 4B1.2(b), unambiguously omitted conspiracies as a controlled substance offense.  *United States v. Castillo*, 69 F.4th at 653.  As a result, the Ninth Circuit held the defendant's conspiracy conviction was not a controlled substance offense and could not be sentenced as a career offender.  *Id.* at 644.

Mr. Root argues that Application Note 1 regarding "pattern of activity" under § 2B2.G2(b)(5) also deserves no deference under *Kisor* analysis, and that the 5-level

Objection to Presentence Investigation Report and
Objections to Suggested Special Conditions of Supervision - 2

enhancement should not apply because his prior conduct is not related to his offense of conviction. In a recent case, *United State v. Debus*, --- F.Supp.3d ---, 2023 WL 5434768 (M.D. Pennsylvania, August 23, 2023), the district court held that past sexual conduct involving minors unrelated to the offense of conviction was not a pattern of activity involving sexual abuse of minor or exploitation of a minor warranting a 5-level enhancement under § 2G2.2(b)(5).

Like Mr. Root, the defendant in *Debus*, pled guilty to receipt of child pornography in violation of 18 U.S.C. 2252A(a)(2). *United State v. Debus*, --- F.Supp.3d ---, 2023 WL 5434768 *1. This defendant's base offense level was also increased by 5 levels under USSG § 2G2.2(b)(5) because of prior convictions for sex offenses involving a minor occurring 10 years before his conviction for receipt of child pornography. *Id.* Using the "traditional tools of construction" and considering the context of the § 2G2.2(b)(5), the district court determined the guideline was not genuinely ambiguous and resorting to the commentary notes to apply the 5-level enhancement for past conduct involving minors unrelated to the offense of conviction was precluded under the *Kisor* analysis. *United State v. Debus,* --- F.Supp.3d ---, 2023 WL 5434768 at *7.

The district court reasoned that (b)(5) had to relate to the offense of conviction and not unrelated to past conduct because this enhancement is listed within subsection (b) under Specific Offense Characteristics. *Id.* at *6. The district court indicated it would be unusual if the enhancements in § 2G2.2 applied to the offense of conviction except (b)(5), which would be the only "provision applicable to conduct unrelated to the specific offense subject

Objection to Presentence Investigation Report and
Objections to Suggested Special Conditions of Supervision - 3

to enhanced punishment . . . We doubt Congress intended this result when it directed the commission to adopt the pattern-of-activity enhancement." *Id.*

The district court also pointed out that § 2G2.2 does not refer to acts of exploitation of minors but to materials involving exploitation of a minor. *Id.* Instead, the sexual exploitation of minors and past acts of sexual exploitation of minors unrelated to the offense of conviction are addressed in other sections of the guidelines. Because § 2G2.2 deals with materials involving exploitation of minors and other provision in the guidelines deal with actual and past exploitation of minors unrelated to offense of conviction, the district court determined that the pattern of activity conduct under § 2G2.2(b)(5) must relate to the offense of conviction. *Id.* The district court also noted the upward departure in § 2G2.2 supported the conclusion that (b)(5) relates to the offense of conviction, because the upward departure considers the sexual abuse or exploitation of a minor occurring at any time. USSG § 2G2.2, cmt. n.9. *Id.*

Mr. Root recognizes the Ninth Circuit has held that decades old sexual abuse conduct that did not occur during or in connection to the offense of conviction can enhance a defendant's sentence under § 2G2.2(b)(5). *See United States v. Garner*, 490 F.3d 739 (9th Cir. 2007). However, the Ninth Circuit relied on the commentary notes, specifically Application Note 1 of § 2G2.2, without the benefit of the *Kisor* analysis to determine whether any deference should be given to the commentary.

Mr. Root, therefore, urges the Court to adopt the reasoning by the district court in *Debu* and find that the 5-level enhancement under § 2G2.2(b)(5) does not apply because his

Objection to Presentence Investigation Report and

Objections to Suggested Special Conditions of Supervision - 4

conduct involving minors occurred over 30 years ago and is unrelated to his offenses of conviction – receipt and distribution of child pornography. There is no indication Mr. Root engaged in a pattern of activity involving sexual abuse or exploitation of a minor when he received and distributed the child pornography to merit the application of the enhancement under § 2G2.2(b)(5). Should the Court agree with Mr. Root's objection, his Total Offense Level would be 31, resulting in guideline range of 108-135 months imprisonment.

**Objections to Suggested Special Conditions of Supervision**.

**Special Condition #11**: Mr. Root object to this condition because it essentially prohibits him from having any type of electronic communication device. In today's world, it is almost impossible to communicate without some sort of electronic device. Limiting Mr. Root's use of any electronic communication to authorized employment will be a hardship; and is unduly burdensome and a greater deprivation of his liberty than reasonably necessary for the purposes stated in 18 U.S.C. § 3553(a)(2).

**Special Condition #13**: This condition requires Mr. Root to allow the probation officer to conduct initial and unannounced searches of any computers, electronic communications or data storage devices or media to ensure compliance with the computer monitoring condition. Mr. Root does not object to the initial search when first installing the computer monitoring software. However, any further searches should be based on a reasonable suspicion of violating this condition of supervision under 18 U.S.C. § 3582(d) and consistent with the other special conditions permitting searches – Special Conditions #14, 21 and 22.

**Special Condition #19**:  This condition requires Mr. Root to be subject to polygraph testing at the discretion of the probation officer to ensure compliance with requirements of his supervision or treatment program.  Mr. Root objects to this condition because he will already be subject to polygraph testing as part of his sex offender treatment as required in Special Conditions #23 and #24, and any additional polygraph testing is unnecessary, unduly burdensome and is a greater deprivation of his liberty than reasonably necessary for the purposes stated in 18 U.S.C. § 3553(a)(2).  The special conditions recommended by USSG § 5D1.3(d)(7) do not provide for any additional polygraph testing other than what is required by the sex-offender treatment and to have multiple conditions requiring polygraphy testing is unnecessary to determine Mr. Root's compliance with supervision given the number of other conditions of supervision that will be imposed, including two other conditions requiring polygraph testing.  Accordingly, Mr. Root respectfully requests this condition not be imposed.

Dated:  October 20, 2023.

Respectfully Submitted,

s/Alex B. Hernandez, III
Alex B. Hernandez, III, WA 21807
Attorney for Robert Ray Root
Federal Defenders of
Eastern Washington and Idaho
306 East Chestnut Avenue
Yakima, Washington 98901
(509) 248-8920
(509) 248-9118
Email:  Ben_Hernandez@fd.org

# CERTIFICATE OF SERVICE

I certify that January 11, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to: Ann Wick, Assistant United States Attorney and Carrie Valencia, United States Probation Officer.

<u>s/Alex B. Hernandez, III</u>
Alex B. Hernandez, III, WA 21807
Attorney for Robert Ray Root