# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　Plaintiff,<br><br>-vs-<br><br>ROBERT RAY ROOT,<br><br>　　　　　　　　　　　Defendant. | Case No.　　　1:22-CR-2018-SAB-1<br><br>**CRIMINAL MINUTES**<br><br>DATE:　　　NOVEMBER 8, 2023<br><br>LOCATION:　Yakima, WA<br><br>**SENTENCING HEARING** |
|---|---|

| **Chief Judge Stanley A. Bastian** |||
|---|---|---|
| Michelle Fox | 01 | Marilynn McMartin |
| **Courtroom Deputy** | **Law Clerk** | **Court Reporter** |
| Ann Wick || Ben Hernandez |
| **Government Counsel** || **Defense Counsel** |
| **United States Probation Officer:** |||

**[ X ]  Open Court**　　　　　　**[  ]  Chambers**　　　　　　**[  ]  Telecon/Video**

Defendant present and out of custody of the U.S. Marshal.

Court addresses counsel.

Court outlines the case. Defendant pled guilty to counts 1 and 2 with no plea agreement. Court summarizes maximum penalties and guidelines. Court has reviewed all of the materials submitted and presentence report. Court has reviewed the presentence report.  36, I, 188-235 months.

Court will hear objections to the presentence report.
　　　B. Hernandez presents argument on the one objection based on 2G2B.5 enhancement.
　　　Court asks if counsel is challenging paragraphs 50-64.
　　　B. Hernandez responds.  Do not believe relevant.
　　　Court asks if counsel is challenging the accuracy of the facts.
　　　B. Hernandez states his position is they should not be included.
　　　Court addresses counsel.
　　　B. Hernandez responds.  It is not relevant conduct, it was 30 years ago.
　　　Court asks if client knew.
　　　B. Hernandez states yes because it was in discovery.  31, I, 108-135 months.

　　　A.  Wick presents argument against objection.
　　　Court questions counsel.
　　　A.  Wick did not file an objection.  A. Wick continues argument.

# [ X ]  ORDER FORTHCOMING

| **Convened:**　11:00 a.m. | **Adjourned:**　12:28 p.m. | **Time:**　1 hr. 28 min. | **Calendared**　[ X ] |
|---|---|---|---|

Court rules on enhancement.  Accept 5-point increase as calculated by the Sentencing Commission.  The increase will have little impact on the sentence.

B. Hernandez presents argument on the conditions of supervised release.  Special Condition No. 12 from Addendum.   Court discussed 12.  Asks what specifically is objected to.
    Court will approve Special Condition 12 as written over objection.

B Hernandez presents argument on polygraph testing condition 18 and condition 27 on GPS monitoring.
    Court will not order special condition 27.  It can be addressed once released.
    A. Wick presents argument on special condition 18.
    Court will apply special condition 18.

A. Wick presents argument and outlines recommendations.  Low end recommended.  Life Supervision.

Court asks about the fines under the 2 Acts.  Indigency is an issue.  Court will not impose the fines.  There is also restitution and there are 7 claims.  Court will impose restitution.

A. Wick makes a record on the fines, JVTA and AVAA.  Would prefer any money go towards restitution.  Agree with restitution.  3 claims are for the mandatory minimum of $3,000.  4 claims are requesting above the mandatory minimum amounts.

Court asks counsel regarding self-reporting.  A. Wick is asking he be placed in custody today.

A Wick is asking for a total of 3 points for acceptance of responsibility.
    Court will accept the 3 points.  Total offense level: 35, 168 to 210 months.

Court asks counsel if they are in agreement of the Final Order of Forfeiture.
    B. Hernandez will review and inform the Court.
    Court will sign if approved.

B. Hernandez presents argument and outlines recommendations.  Recommend 84 months.  Recommend Englewood for the Sex Offender Treatment Program.  10 years Supervision.  Recommend the $3000 per victim for restitution.  Requesting penalties be paid 60 days after he is released from custody.  Defendant agrees to going into custody today.

Court asks counsel who handled the investigations.  A. Wick responds.

Court speaks to the defendant.

Defendant speaks to the Court.

Court speaks to the defendant.  Court outlines the 3553 factors.

Court asks if the victims are being provided services.  A. Wick states yes.

Court continues the factors for sentencing.

Imprisonment:   96 months.  Credit for time served.

Supervised Release:  10 years with the standard conditions and the following special conditions:

*United States –vs- R. Root*  November 8, 2023
1:22-CR-2018-SAB-1  Page 3
Sentencing Hearing

1. You must not communicate, or otherwise interact, with C.J., either directly or through someone else, without first obtaining the permission of the probation officer. You must not enter the premises or loiter within 1000 feet of the victim's residence or place of employment.

2. You must not have direct contact with any child you know or reasonably should know to be under the age of 18, not including your own children, without the permission of the probation officer. If you do have any direct contact with any child you know or reasonably should know to be under the age of 18, not including your own children, without the permission of the probation officer, you must report this contact to the probation officer within 24 hours. Direct contact includes written communication, inperson communication, or physical contact. Direct contact does not include incidental contact during ordinary daily activities in public places.

3. You must not be employed in any occupation, business, or profession, or participate in any volunteer activity which provides access to children under the age of 18, unless authorized by the supervising officer.

4. You must not act as a consultant or advisor to individuals or groups engaged in any computer-related activity.

5. You must not be employed in, directly or indirectly, or perform services for, any entity engaged in a computer, computer software, or telecommunications business. You must not be employed in any capacity wherein you have access to computers or computerrelated equipment or software without the approval of your supervising officer.

6. You must not use any software program or device designed to hide, alter or delete records/logs of your computer usage, Internet activities, or the files stored on the assigned computer. This includes the use of encryption, steganography (the art and science of hiding a message in a medium, such as a digital picture or audio file, so as to defy detection), and cache/cookie removal software.

7. You must only use your true name and identifiers (such as date of birth, social security number, driver's license number) for purposes of establishing credit, screen names, utility services, including any services related to computer or electronic equipment or contracts, and registration related to computer-related activities.

8. You must maintain a complete and current inventory of the computer equipment you use and provide it to the supervising officer. You must provide a monthly record of computer usage and bills pertaining to computer access to the supervising officer. You must allow the probation officer to install computer monitoring software on any computer (as defined in 18 U.S.C. § 1030(e)(1)) you use and for which you have the authority to consent to installation of such software, if such computer has the capacity to access prohibited material. You shall not use a computer without computer monitoring software installed upon it unless approved of in advance by your probation officer.

9. You must not view or possess any visual depiction (as defined in 18 U.S.C. § 2256), including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct (as defined in 18 U.S.C. § 2256).

10. You must provide a complete record of all passwords and user identifications (both past and present) to the supervising officer and must not make any changes without the prior approval of the supervising officer.

11. You must not install new hardware or effect repairs on your computer system without advance permission from the supervising officer.

12. To ensure compliance with the computer monitoring condition, you must allow the probation officer to conduct initial and periodic unannounced searches on any of the following used by you: computers, other electronic communications or data storage devices or media, that can receive, store, or otherwise possess materials with depictions of "sexually explicit conduct" (as defined by 18 U.S.C. § 2256(2)) involving children, or "actual sexually explicit conduct" (as defined by 18 U.S.C. § 2257(h)(1)) involving adults. These searches shall be conducted to determine whether the computer contains any prohibited data prior to installation of the monitoring software, whether the monitoring software is functioning effectively after its installation, and

whether there have been attempts to circumvent the monitoring software after its installation. You must warn any other people who use these computers that the computers may be subject to searches pursuant to this condition.

13. You must submit to search, any of the following used by you: computers, other electronic communications or data storage devices or media, that can receive, store, or otherwise possess materials with depictions of "sexually explicit conduct" (as defined by 18 U.S.C. § 2256(2)) involving children, or "actual sexually explicit conduct" (as defined by 18 U.S.C. § 2257(h)(1)) involving adults. You must warn any other people who use these computers or devices capable of accessing the Internet that the devices may be subject to searches pursuant to this condition. A probation officer may conduct a search pursuant to this condition only when reasonable suspicion exists that there is a violation of a condition of supervision and that the computer or device contains evidence of this violation. Any search will be conducted at a reasonable time and in a reasonable manner.

14. You may access on-line "computer," or Internet services, except that you must not access any on-line computer or Internet services, sites, or media that include or feature material that depicts "sexually explicit conduct" involving adults or "minor[s]," "child pornography," or "visual or auditory depictions" of "minor[s]" engaged in "sexually explicit conduct," all as defined in 18 U.S.C. § 2256.

15. You must live at an approved residence, and must not change your living situation without advance approval of the supervising officer.

16. You must not reside or loiter within 500 feet of places where children congregate, which includes playgrounds, primary and secondary schools, city parks, daycare centers, and arcades.

17. You must complete a mental health evaluation and follow any treatment recommendations of the evaluating professional which do not require forced or psychotropic medication and/or inpatient confinement, absent further order of the court. You must allow reciprocal release of information between the supervising officer and treatment provider. You must contribute to the cost of treatment according to your ability to pay.

18. You must submit to periodic polygraph testing at the discretion of the probation officer as a means to ensure that you are in compliance with the requirements of your supervision or treatment program.

19. You are prohibited from possessing or manufacturing any material, including videos, magazines, photographs, computer-generated depictions, or any other media that depict sexually explicit conduct involving children or adults, as defined at 18 U.S.C. § 2256(2). You must not enter any establishment involved in the sex industry, including but not limited to adult bookstores, massage parlors, and strip clubs. You must not utilize any sex-related adult telephone numbers. The supervising officer is authorized to monitor compliance in this area by obtaining relative records including but not limited to telephone, Internet, credit cards and bank statements.

20. The defendant shall report to the Probation Office any and all electronic communications service accounts [as defined in 18 U.S.C. § 2510(15)] used for user communications, dissemination and/or storage of digital media files (i.e. audio, video, images). This includes, but is not limited to, email accounts, social media accounts, and cloud storage accounts. The defendant shall provide each account identifier and password, and shall report the creation of new accounts, changes in identifiers and/or passwords, transfer, suspension and/or deletion of any account within 5 days of such action. Failure to provide accurate account information may be grounds for revocation. The Probation Office is permitted to access and search any account(s) using the defendant's credentials pursuant to this condition only when reasonable suspicion exists that the defendant has violated a condition of his supervision and that the account(s) to be searched contain evidence of this violation.

21. You must submit your person, residence, office, or vehicle and belongings to a search, conducted by a probation officer, at a sensible time and manner, based upon reasonable suspicion of contraband or evidence of violation of a condition of supervision. Failure to submit to search may be grounds for revocation. You must warn persons with whom you share a residence that the premises may be subject to search.

*United States –vs- R. Root*  November 8, 2023
1:22-CR-2018-SAB-1  Page 5
Sentencing Hearing

22. You must complete a sex offender evaluation, which may include psychological and polygraph testing. You must pay according to your ability and allow the reciprocal release of information between the evaluator and supervising officer.

23. You must actively participate and successfully complete an approved state-certified sex offender treatment program. You must follow all lifestyle restrictions and treatment requirements of the program. You must participate in special testing in the form of polygraphs, in order to measure compliance with the treatment program requirements. You must allow reciprocal release of information between the supervising officer and the treatment provider. You must pay for treatment and testing according to your ability.

24. You must undergo a substance abuse evaluation and, if indicated by a licensed/certified treatment provider, enter into and successfully complete an approved substance abuse treatment program, which could include inpatient treatment and aftercare upon further order of the court. You must contribute to the cost of treatment according to your ability to pay. You must allow full reciprocal disclosure between the supervising officer and treatment provider.

25. You must not enter into or remain in any establishment where alcohol is the primary item of sale. You must abstain from alcohol and must submit to urinalysis and Breathalyzer testing as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from this substance.

26. You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

SPA: $200.00

JVTA: No

AVAA: No

Restitution: $3,000 each for a total of $21,000.

Fine: Waived

Court will Recommend FCI Englewood.

Right to Appeal administered.

Court will indicate that the fines and restitution begin 60 days after release.

Defendant will go into custody today.